GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND ET AL., Petitioners, v. DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, J. M. CALDERÓN, JR., JUDGE, Respondent. GUILLERMO GONZÁLEZ FRAGOSO ET AL., Interveners.

No. 1937. Argued August 26, 1952.—Decided October 17, 1952.

*Carlos N. Souffront* and *H. Ramos Mimoso* for the Manager of the State Fund and the other petitioners, respectively. *L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr., Jaime Pieras, Jr.,* and *Córdova & González,* for interveners, defendants in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The beneficiaries of a worker who was killed in the course of his employment received $2,796.00 as compensation therefor from the Manager of the State Insurance Fund. Subsequently, pursuant to § 31 of the Workmen's Accident Compensation Act, the Manager and the beneficiaries joined as plaintiffs in a suit for damages of $30,000 in the former district court against various third persons on the ground that the latter were responsible for the death of the worker.[1] The prayer was for (*a*) reimbursement of $2,796.00 to the Manager for the money paid as workman's compensation to the beneficiaries, and for (*b*) payment of the remaining $27,204

---

[1] Section 31, as amended by Act No. 16, Laws of Puerto Rico, 1948, reads in part as follows:

"When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the State Insurance Fund, in accordance with the terms of this Act, is obliged to compensate in any manner or to furnish treatment, *the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries,* and may institute proceedings against such third persons in the name of the injured workman or employee or of his beneficiaries, within the ninety days following the date of the final decision of the case, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. *The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager* under the provisions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five days after the action is instituted.

"If the Manager should fail to institute action aginst the third person responsible within the term of ninety days from the date of the final decision of the case, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case." (Italics ours.)

to the other plaintiffs, the beneficiaries. To make effective the judgment which might be entered in favor of the plaintiffs, the lower court, on motion of the plaintiffs, entered an order for the attachment of property belonging to two of the defendants in the amount of $30,000.00. Thereafter the marshal of the former district court duly attached property of the said defendants valued at $30,000.00.

The problem before us arose because the order of attachment did not require the plaintiffs to post the bond required by § 4 of the Act of March 1, 1902 to secure the effectiveness of judgments. The theory of the plaintiffs in not filing a bond was that this is a suit by the Manager in his official capacity and that under those circumstances no bond is required under § 356, Code of Civil Procedure, 1933 ed.[2] The two defendants in question thereupon filed a motion to lift the attachment insofar as it exceeded $2,796.00, the sum for which the Manager was entitled to be reimbursed under § 31. The former district court entered an order granting this motion and dissolving the attachment insofar as it exceeded $2,796.00. We granted the petition for certiorari filed by the plaintiffs to review this order.

■ The contention of the petitioners may be summarized as follows: Under § 31 there is a single, indivisible cause of action which belongs exclusively to the Manager for ninety days after his final decision in the workman's compensation proceeding. The beneficiaries never have a cause of action unless the Manager fails to sue within such ninety days, at which time the cause of action of the beneficiaries first comes

---

[2] Section 356 reads as follows: "In any civil action or proceeding wherein the Island or the people of the Island is a party plaintiff, or any insular officer in his official capacity, or on behalf of the Island, or any city or district, is a party plaintiff or defendant, no bond, written undertaking, or security can be required of said Island, of the people thereof or any officer thereof, or of any city; but or complying with the other provisions of this Code, said Island or people thereof, or any insular officer, acting in his official capacity, or any city, or district, has the same rights, remedies and benefits as if the bond, undertaking or security were given and approved as required by this Code."

into existence. This cause of action cannot be fractioned into two parts of $2,796.00 and $27,204.00, respectively. As the cause of action belonged exclusively to the Manager when the present suit was instituted, he was entitled to obtain an order of attachment without furnishing a bond for the entire amount of the claim. To hold the contrary would mean that the beneficiaries could not obtain an order of attachment themselves even if they were willing to file a bond as to the claim for $27,204.00. In support of these arguments, the petitioners cite *Torres* v. *Luiña*, 63 P.R.R. 102, *Atiles Moréu* v. *Amador*, decided by a *per curiam* opinion on August 4, 1950, and *Del Río* v. *García*, 71 P.R.R. 86.

We are not convinced by the foregoing arguments of the petitioners. Section 31 specifically provides that the beneficiaries shall be parties to the suit. Indeed, the petitioners themselves have recognized this. Although the suit could have been brought under § 31 solely by the Manager in the name of the beneficiaries, there is no reason why the Manager and the beneficiaries, acting together, could not follow exactly the course they took here. Both the Manager and the beneficiaries joined as plaintiffs with separate attorneys; and as we have seen they prayed in their joint complaint for reimbursement of $2,796.00 to the Manager and for the remaining $27,204.00 to be paid to the other plaintiffs, the beneficiaries.

██ The issue here is not whether only one cause of action exists but rather (1) who is entitled to exercise it and (2) who will benefit from its exercise. As already noted, for a certain period the Manager may exercise it for the benefit of both the Fund and the beneficiaries, with the latter considered under § 31 as parties. As the beneficiaries themselves indicated in the complaint in which they joined as plaintiffs, under those circumstances the sum of $2,796.00 of the claim belongs to the Manager and the sum of $27,204.00 belongs to the other plaintiffs, the beneficiaries. It is therefore logical and in conformity with §§ 31 and 356 to require

a bond for the beneficiaries' portion of the claim but not for the government's portion. The cases relied on by the petitioners have no bearing on the precise question before us.

As the former district court pointed out, under § 31 the Manager is subrogated to the rights of the beneficiaries to the extent of the sum paid by the Manager to the beneficiaries as workman's compensation. To hold that no bond is required in connection with the sum claimed in excess of $2,796.00, which is being sought exclusively for the economic benefit of the petitioners, would be to read the statute in exactly the opposite manner. That is to say, with such an interpretation we would be subrogating the beneficiaries to the right of the Manager under § 356—without reference to § 31—to attach without filing a bond. We need hardly add that we find no warrant for this position in § 31.

When § 356 was originally enacted, claims in which a government official represented private parties for their private benefit were unknown in this jurisdiction. When the Legislature adopted the language "in his official capacity" found in § 356 and exempted suits so brought from the bond requirement, we believe it meant thereby that not only must the suit be brought in such a capacity but also that any judgment recovered will accrue to the government. We cannot by judicial interpretation extend § 356 to include a suit in which private persons are the real parties in interest and to whom any judgment collected will be paid, despite the fact that the suit is brought in their name and for their benefit by a government official. Relieving a plaintiff from furnishing a bond in connection with an attachment before judgment could have serious repercussions if the defendant ultimately prevails on the merits and the plaintiff has no assets. The purpose behind the exemption from furnishing a bond in suits brought by the State where the public revenue will benefit is obvious. But in the absence of language conferring a similar privilege on the parties to a suit brought

for the economic benefit of private persons, it is not for this Court to stretch § 356 to cover such a case.

The defendants concede that property in the amount of $2,796.00 was validly attached without a bond in connection with the claim of the Manager for reimbursement of the said $2,796.00. The petitioners argue in their brief that unless we reverse the order under review they will be unable to attach property of the defendants for the remaining portion of the claim even if they file a bond. We disagree. If the Manager had sued in the name of the beneficiaries, making them parties as provided in § 31, the beneficiaries either through the Manager or directly could have furnished a bond in connection with the attachment insofar as it exceeded $2,796.00. A fortiori, in the instant case where the beneficiaries, represented by their own attorneys, joined with the Manager as co-plaintiffs, they are entitled to furnish a bond to secure the collection by them of the portion of the claim exceeding the sum of $2,796.00.

For the reasons stated, the writ of certiorari will be discharged.

Mr. Chief Justice Todd, Jr., did not participate herein.